# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-487V
(to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LILLIAN RIVERA, | * | Special Master Corcoran |
| | * | |
| | * | Filed: April 20, 2017 |
| Petitioner, | * | |
| | * | Attorney's Fees and Costs; |
| v. | * | Local versus Forum Hourly |
| | * | Rates. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Mark L. Krueger*, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.

*Adriana Ruth Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On May 12, 2015, Lillian Rivera filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] based upon allegations that she developed transverse myelitis as a result of her October 2015 receipt of the influenza and pneumococcal vaccines. The parties stipulated to damages, and I issued a decision awarding them on March 30, 2017 (ECF No. 33).

On March 1, 2017, Petitioner filed a Motion requesting an award of attorney's fees and costs in the total amount of $31,799.41 for her counsel, plus $400 for her personal filing expenses. *See* Motion for Attorney's Fees and Costs, filed on March 1, 2017 (ECF No. 27) ("Fees Mot."). For the reasons stated below, I hereby award **$30,674.51** to Petitioner's counsel, and **$400.00** to Petitioner.

---

[1] This Decision will be posted on the United States Court of Federal Claims website, but also will be more generally available online, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

## FACTUAL AND PROCEDURAL BACKGROUND

The primary attorneys to have worked on the case were Andrew and Mark Krueger, of the law firm Krueger & Hernandez (the "Krueger Firm"), in Baraboo, Wisconsin. The billing invoices filed in connection with the present fee request reveal the work they performed on the matter. *See generally* Fees Mot. Tab 1 (billing invoices).

The Krueger Firm began work on the case in February 2014 – one year and three months prior to its filing. Throughout that time period, the majority of work was split between Renee Nehring (a paralegal) and Mark Krueger, and was focused on gathering documents relevant to the claim as well as communicating with Petitioner and her mother. There is accordingly little evidence from the billing records that the Krueger Firm attorneys were overworking the case prior to its initiation.

Reflecting the fact that the Krueger Firm had ample time to gather documents in advance of filing, the majority of records were filed by June 30, 2015, about six weeks after the petition was filed. Respondent, however, requested through September 2015 (ECF No. 8) to review the record to determine its completeness. Additional months thereafter passed and outstanding medical records identified by Respondent were filed along with the joint statement of completion on November 6, 2015 (ECF No. 12), followed by the Rule 4(c) Report on January 5, 2016 (ECF No. 15).

The next phase of the case involved expert discovery. Ms. Rivera filed an expert report from Dr. Svetlana Blitshteyn on May 12, 2016 (ECF No. 19), after requesting two extensions of time to do so. The parties thereafter embarked upon settlement negotiations, and by December 2016 had requested that I issue a "15-Week Order" to permit Respondent the opportunity to obtain formal approval for settlement of the case. I did so on December 2, 2016 (ECF No. 25), and the parties filed their settlement stipulation on March 29, 2017 (ECF No. 31), which I adopted as my decision.

## FEES REQUEST

With respect to the fees side of the present request, Mark Krueger (the more senior attorney, with about 20 years of program experience) billed his time at a rate of $300 per hour from 2014, and then $385 for 2015-2017, Andrew Krueger (with less than five years' experience) billed at a consistent rate of $200 for 2014-2017. *See* Fees Mot. Tab 1 at 14. The Fees Motion also included affidavits of both attorneys and the paralegal affirming their experience. (ECF No. 27-1-3). In addition, Petitioner provided some support, from prior decisions, for the rate increase in 2015-2017, although there was no discussion of why practitioners in Baraboo should be receive "in forum" rates as established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The total sum requested for both attorneys is $13,896.50. Fees Mot. at 14.

Paralegal time was billed at a two different levels, depending upon the year in question. Thus, in 2014, Ms. Nehring was billed at $125 per hour, while her rate was increased for 2015-2017 to $145 per hour. Fees Mot. at 14. The total sum requested for paralegal time devoted to the matter is $8,681.00. Fees Mot. at 14.

Petitioner also requests reimbursement of costs. The largest cost component is work performed on the case by Dr. Blitshteyn, for which Ms. Rivera requests $8,400.00 (including a $2,000.00 retainer fee). Fees Mot. at 17-19. The remainder of the $429.91 in total costs requested reflect the expense of obtaining and copying medical records. Finally, Petitioner requests personal reimbursement for the $400 filing fee. *Id*. at 3.

On March 20, 2017, Respondent filed a document reacting to Petitioner's Motion, acknowledging that the statutory requirements for an award of attorney's fees and costs were met, but deferring to my discretion to determine the amount appropriate. Petitioner filed a reply on March 27, 2017, reiterating her earlier arguments for an award of attorney's fees and costs expended in this matter. ECF No. 30.

## ANALYSIS

I. **Relevant Law Governing Fees Awards**

Vaccine Program petitioners who receive compensation for their injuries are by statute entitled to an award of "reasonable" attorney's fees and costs. Section 15(e)(1). To this end, special masters have discretion in determining what a reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008, citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). As the Federal Circuit stated in *Avera*, inclusion of the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would

3

otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at1349.

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella*, 86 Fed. Cl. at 205-06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

**II.   The Krueger Firm Should Receive Forum Rates**

With all of the above in mind, I turn to Petitioner's request for a rate of $385 per hour for Mark Krueger for 2015-2017. As established in *McCulloch*, an hourly rate of $385 is reserved for those attorneys with 30 or more years in the Vaccine Program. Petitioner has not specifically argued that Baraboo, Wisconsin was an in forum locale, but simply requested the increase due to the decisions of prior special masters. Fees Mot. at 3. The decisions cited by Petitioner in support of higher rates were not cases brought by the Krueger Firm or by any firm in Baraboo, however, and therefore I do not find them persuasive for my analysis of the appropriateness of awarding forum rates to the Krueger Firm. *Yang v. Sec'y of Health & Human Servs.,* No. 10-33V, 2013 WL 4875120 (Fed. Cl. Spec. Mstr. Aug. 22, 2013). I find those decisions awarding the Krueger Firm higher rates based primarily on lack of objection by Respondent similarly unpersuasive. *Parker v. Sec'y of Health & Human Servs.,* No. 02-1553V, 2012 WL 3633228 (Fed. Cl. Spec. Mstr. May 21, 2012).[3]

In keeping with my inquisitorial role in deciding the matters before me, I have conducted my own review of a sampling of federal fees decisions from the Western District of Wisconsin (the relevant region for purposes of evaluating Baraboo rates), which suggest a wide variety of rates, depending on the nature of work performed, under comparable federal fee-shifting statutes. As the chart below illustrates, rates range from $125 per hour to $650 per hour:

| **Case Name** | **Claim Type** | **Rate** | **Atty's Experience** |
| --- | --- | --- | --- |
| *Koziara v. BNSF Ry. Co.,* 2016 WL 4435299 at*2 (W.D. Wis. Aug. 19, 2016). | FRSA* | $650/hr<br>$550<br>$350 | Partner<br>Mid-level Associate<br>Associate |
| *Golden v. Am. Concrete Leveling Corp.,* 355 Wis. 2d 579 (851 N.W.2d 472 June 24, 2014) | Wage-claim Violation | $250/hr<br>$225 | Partner<br>Associate |
| *Oleson v. Colvin,* No. 12-cv-919-jdp, 2014 WL 6607409 at *1(Nov. 19, 2014). | EAJA | $125/hr | Capped, unless there is a showing of inflation or special factor. |
| *Federal Rail Safety Act (FRSA), Equal Access to Justice Act (EAJA) | | | |

---

[3] I do, however, note that two recent decisions have specifically stated that the Krueger Firm should be awarded a forum rate. *See e.g. Gill v. Sec'y of Health & Human Servs.,* No. 12-825, 2014 WL 5341869 (Fed. Cl. Spec. Mstr. Sept. 30, 2014); *Herrera v. Sec'y of Health & Human Servs.,* No. 15-651V, slip op. (Fed. Cl. Spec. Mstr. March 29, 2017). Although I come to the same conclusion as my colleagues, I do so through different reasoning based on findings from other federal courts located near, or involving counsel from around Baraboo.

While some rates for similarly-situated Wisconsin attorneys are higher than the above rates, *McCulloch* itself accepts the premise that Program attorneys do not receive the same hourly rate that they would from more complex litigation. Instead, it attempted to set a reasonable forum rate in light of such constraints, even though it would be a lower rate. *McCulloch,* 2015 WL 5634323, at *18-19.

After consideration of the aforementioned law and facts, I now conclude that the difference between the local rates in Baraboo awarded in similar circumstances and the forum rates are insufficiently different to apply the *Davis* exception. The low-end forum rate for an attorney with comparable experience (20+ years of practice) is $350 per hour. *McCulloch,* 2015 WL 5634323, at * 19. That amount is not significantly different from what a Wisconsin attorney in the Baraboo area would be paid for comparable work under a federal fee-shifting statute like FRSA. Because the *Davis* exception will not apply, I will award the Krueger Firm in-forum rates.

### III. Proper Rate to be Awarded

Now that I have determined that the Krueger Firm will receive in-forum rates, I must decide <u>what</u> rate within the *McCulloch* range is appropriate. This is only relevant for the requested rates of Mark Krueger, as Andrew Krueger's rates did not change throughout the billing record (and I will therefore award him $200 per hour for all the work he performed on the case).

Mark Krueger has been practicing law for over 30 years. 21 of those years have been spent on Program cases, as he was admitted to practice in the Court of Federal Claims in 1996. Under *McCulloch*, the rate range for an attorney of his experience (more than 20 years) is $350-$425. *McCulloch,* 2015 WL 5634323, at * 19.  Mark Krueger requests a rate of $300 per hour for 2014, and $385 per hour for 2015-2017. While I will award the 2014 rate as billed (because it is consistent with if not low for the *McCulloch* range) the requested rates for 2015-2017 will be adjusted, as they currently sit at the higher end of the range, and such a steep increase from 2014 to 2015 has not been justified by Petitioner.

Special Master Gowen has recently performed such an adjustment for the Krueger Firm, and I will adopt those rates herein. *Herrera v. Sec'y of Health & Human Servs.,* No. 15-651V, slip op. at 5 (Fed. Cl. Spec. Mstr. March 29, 2017). Mark Krueger will receive hourly rates of $350 for 2015, $363 for 2016, and $376 for 2017. *Id.* at 4-5. I will award all the time billed to the matter by the Krueger Firm, since it was reasonably incurred, in light of a general review of the timesheets submitted.

5

**IV. Costs to be Awarded**

Petitioner requests $8,821.91 in costs on behalf of her counsel, and $400 for her personal expense of the filing fee. The majority of those costs are from Dr. Blitshteyn's fee to provide an expert report in this case. She billed at a rate of $400 per hour for 21 hours of time. While this is a significant amount of time spent on a case that did not go to hearing, her report and work on the case may have helped lead the parties to resolve this case expeditiously and I will award her costs in full. *Turkupolis v. Sec'y of Health & Human Servs.,* No. 10-351V, 2015 WL 393343 at *8 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) ("Dr. Blitshteyn's credentials, experience, sub-specialty, and geographic location merit a $400 rate"). Similarly, I find that the remaining $421.91 was reasonably spent for copying and obtaining medical records and will be awarded. Petitioner will also be reimbursed for the $400 she expended on the filing fee.

Finally, Petitioner requests paralegal costs. Like Mark Krueger, Ms. Nehring's rates for 2015-2017 will be adjusted down. Consistent will Special Master Gowen's decision in *Herrera*, I will award Ms. Nehring hourly rates of $125 for 2014 (her full requested rate), $135 for 2015, and $140 for 2016-2017. *Id*. at 5.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of Petitioner's request, as well as my reductions and hourly fee rate decisions set forth above, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs:

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Mark Krueger's Fees | $8,216.50 | $387.40 | $7,829.10 |
| Andrew Krueger's Fees | $5,680.00 | none | $5,680.00 |
| Costs | $8,821.91 | none | $8,821.91 |
| Paralegal Costs | $8,681.00 | $337.50 | $8,343.50 |
| Total | $31,399.41 | $724.90 | **$30,674.51** |

6

Accordingly, I award a total of **$30,674.51** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mark Krueger, Esq. I award a total of **$400** payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.